Hillsborough, ⎱
Jan. 6, 1925. ⎰

### RICHARD SHANNAHAN *& a. v.* ARTHUR L. KEYES, *Ex'r.*

A bequest by a testator of all his property, including two tracts of land, to his wife and her heirs forever, with a special request that his real estate, or its equivalent in case it be sold, be given by her at her decease to his nephews, creates a trust in the real estate or its proceeds in favor of the nephews.

One tract of land having been sold by the wife, a devise by her to the nephews of the remaining tract of land together with a sum equivalent to one half of the amount received from the sale of the other tract, though not so described, was construed as being to that extent a performance of the trust.

ASSUMPSIT. Facts agreed. James Shannahan died in 1915 leaving a will in which, after making certain specific bequests, he said, "all the residue of my estate, real, personal and mixed, wheresoever it may be found, and of whatever it may consist, I give and devise to my beloved wife, Kate Shannahan, to hold to her and her heirs forever, with a special request that my real estate or its equivalent, in case the real estate be sold, be given by my wife, Kate Shannahan, at her decease, in equal parts to the sons of my brother, Richard Shannahan, who may be living at that time."

James left two tracts of land, one of which Kate sold for $8,000. The plaintiffs are Richard Shannahan's sons. Kate died in 1920 leaving a will by which she gave the plaintiffs the other tract of land James left and $4,000.

The court (*Branch*, C. J.) transferred the following questions without a ruling.

1. Did the residuary clause of the will of James Shannahan create a trust in favor of the plaintiff?

2. If so, is the $4,000 Kate gave the plaintiffs to be treated as a partial performance of this trust?

*William H. Barry* and *George B. French* (*Mr. Barry* orally), for the plaintiffs.

*Tuttle, Wyman & Starr* and *Doyle & Doyle* (*Mr. Tuttle* and *Mr. Willard Wight* orally), for the defendants.

YOUNG, J. 1. James Shannahan and his wife were both well along in years when he died; and they had lived together for many years. When the residuary clause in his will is read in the light of these facts

it seems probable that he intended for her to use his property as her own as long as she lived, but if she had his real estate or its proceeds when she died, he intended that the plaintiffs should have it. As she had the proceeds of the land she had sold when she died it vested in the plaintiffs under James's will.

2. When Kate's will is read in the light of the situation as it existed at the time of her death it seems probable that she thought James had given the plaintiffs too much, for while she gave them what was left of his land, she only gave them half of the proceeds of the land she had sold. It is obvious, however, that she thought she was complying with the request in James's will, for the bequest of $4,000 was accompanied with the devise of the remainder of his land. The bequest to the plaintiffs of $4,000 in Kate's will should be treated as a partial performance of the request contained in James's will.

*Case discharged.*

All concurred.